**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| TERRELL D. DOUGLAS | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | No: 1:26-cv-00741-PTG-IDD |
| | ) | |
| MANTECH INTERNATIONAL CORP. | ) | |
| and | ) | |
| ALKU TECHNOLOGIES, LLC | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

**DEFENDANT MANTECH INTERNATIONAL CORPORATION'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT**

Defendant ManTech International Corporation ("ManTech") hereby submits this memorandum in support of its Motion to Dismiss the claims in the Complaint pursuant to Rule 12(b)(6). For the reasons set forth below, Plaintiff fails to state a claim upon which relief can be granted, and his claims should be dismissed with prejudice.

## I. BACKGROUND[1]

Plaintiff Terrell D. Douglas was employed by ALKU Technologies, LLC[2] ("ALKU"), a staffing and consulting company. Compl. ¶¶ 7, 10. In January 2024, Plaintiff was assigned to work as a Cyber Security Analyst on a government contract managed by ManTech. *See id.* ¶¶ 7, 10, 15.

Plaintiff alleges that, on May 29, 2024, he overheard another employee, Isaiah Adams, discussing an overseas game show where a contestant wore blackface and sang a song by Louis

---

[1] Given the standard on a Motion to Dismiss, ManTech references the allegations as alleged in the Complaint. These factual averments are assumed true solely for purposes of this Motion.

[2] The Complaint inconsistently identifies this company as AKLU or ALKU. The correct name is ALKU. *See* https://www.alku.com/.

1

Armstrong. *Id.* ¶ 18. Plaintiff does not plead which company employed Mr. Adams. Plaintiff claims that he understood Mr. Adams' comments to mean that Mr. Adams was suggesting blackface was acceptable if it was not done with ill intention. *Id.* On May 27, 2024, Plaintiff reported the comments to the Security Operations Center Lead Pamela Bentley. *Id.* ¶ 22. The Complaint fails to explain how Plaintiff reported the comments made by Mr. Adams two days before he made them. *Compare id.* ¶ 18 with ¶ 22. The Complaint does not plead which company employed Ms. Bentley.

On July 30, 2024, more than two months after Plaintiff's report, his six-month employment was terminated. *Id.* ¶ 26. As best as can be discerned, Plaintiff alleges that the decisionmakers for that termination were Task Order Leader Chris Crabtree and Program Manager Jennifer Montes de Oca. *See id.* ¶ 28. Plaintiff does not allege which company employed Mr. Crabtree or Ms. Montes de Oca. Additionally, Plaintiff fails to allege any basis for imputing Ms. Bentley's knowledge of the May 27 complaint to either Mr. Crabtree or Ms. Montes de Oca.

## II. ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Sales v. Booz Allen & Hamilton, Inc.*, 2025 WL 242534, at *3 (E.D. Va. Jan. 16, 2025) (Giles, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim is facially plausible only when the facts pled allow the court to draw the "reasonable inference" that the defendant is liable for the misconduct alleged. *Id.* The "complaint is insufficient if it relies upon 'naked assertions' and 'unadorned conclusory allegations' devoid of 'factual enhancements.'" *Id.* (quoting *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009)). Here, Plaintiff's claims do not meet this pleading standard and so must be dismissed.

2

A.       **Plaintiff Has Not Stated a Claim for Race Discrimination (Count I).**

Count I must be dismissed because Plaintiff fails to state a claim for race discrimination under Section 1981.[3]  Among other things, to state a claim, a plaintiff must allege sufficient facts to plausibly demonstrate he was subjected to an adverse action and that action arose under circumstances giving rise to an inference of unlawful discrimination.  *See, e.g., McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 588 (4th Cir. 2015); *Laber v. Austin*, 2023 WL 2579466, at *7 (E.D. Va. 2023).

In his Complaint, Plaintiff identifies the following actions on which he bases his racial discrimination claims: (i) subjecting him to unwarranted scrutiny, (ii) imposing unfair discipline, and (iii)  ultimately terminating his employment. Compl. ¶ 40.

   1.       *Plaintiff's Termination Is the Only Actionable Adverse Employment Action.*

To be actionable, an employment action "must adversely affect the terms, conditions, or benefits of the plaintiff's employment" and must represent more than "mere inconvenience, annoyance, disappointment, or change." *Grimes v. Dep't of Def.*, 2025 WL 1334054 at *3 (E.D. Va. 2025).  As such, courts have found that actions such as being placed on a performance improvement plan do not alter the terms or conditions of employment and so are not actionable. *See, e.g., Jensen-Graf v. Chesapeake Employers' Ins. Co.*, 616 F. App'x 596, 598 (4th Cir. 2015); *Jones v. Constellation Energy Projects & Servs. Grp., Inc.*, 629 F. App'x 466, 468 (4th Cir. 2015).

Under this standard, conclusory allegations that Plaintiff was subject to "unwarranted scrutiny" and "unfair discipline" without an explanation of how that affected the terms of

---

[3] At the motion to dismiss stage, a Section 1981 race discrimination claim is subject to the same analysis as Title VII. *E.g., Morton v. Froehling & Robertson, Inc.*, 786 F. Supp. 3d 965, 971 (E.D. Va. 2025).

Plaintiff's employment are not actionable. Thus, the only adverse action that Plaintiff has pled is his termination.

> **2.      *Plaintiff Has Failed to Plausibly Plead Facts Suggesting a Discriminatory Animus Underlying the Termination of His Employment.***

To state a race discrimination claim for his termination, Plaintiff must allege facts that plausibly suggest the termination was <u>because of</u> his race. *E.g., McCleary-Evans.*, 780 F.3d at 588. It is insufficient for a plaintiff to rely on conclusory allegations or mere speculation of bias. *Id.* at 586. Instead, his pleading must set out sufficient facts that plausibly overcome the "obvious alternative explanation" that the *decisionmaker* acted for ordinary business reasons and, instead, plausibly suggest that the decisionmaker acted with a discriminatory mind. *Id.* at 588 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 682 (2009)) (emphasis added). This pleading standard exists in order to avoid a situation where "any qualified member of a protected class who alleges nothing more than that she was denied a position or promotion in favor of someone outside her protected class would be able to survive a Rule 12(b)(6) motion." *Id.* Plaintiff does not meet the required standard.

In the Amended Complaint, Plaintiff puts forth a number of assertions that he contends suggest that racial bias played a role in the decision to terminate his employment, including:

- the blackface comments made by Mr. Adams;

- the naked assertion that some unidentified non-African American employees were treated more favorably;

- the alleged failure to conduct a "meaningful investigation" into Plaintiff's complaint; and

- the assertion that the unidentified reasons offered for Plaintiff's termination were pretextual.

*See* Compl. ¶ 41.

None of these are remotely sufficient to state a plausible claim. First, Plaintiff alleges that the decision to terminate him was made by Mr. Crabtree and Ms. Montes de Oca, not Mr. Adams. Compl. ¶ 28. As such, Mr. Adams' comment has little relevance to demonstrating that the termination decision was motivated by racial animus. *Taylor v. CNA Corp.*, 782 F. Supp. 2d 182, 198 (E.D. Va. 2010) ("Notably, Casey was not a decision-maker in Taylor's investigation or discipline, meaning that her own bias is not legally relevant to the ultimate question of whether CNA imposed discriminatory discipline."); *Blackford-Webb v. Glob. Scholars Acad.*, 2025 WL 2532793, at *8 (M.D.N.C. Sept. 3, 2025) (dismissing complaint because it did not connect the comments regarding nationality to the decisionmaker).

Second, in order to rely on similarly situated comparators, a plaintiff must plead plausible facts demonstrating that the comparators had the same titles, job responsibilities, and "engaged in the same conduct [as the plaintiff] without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *See, e.g. Guillen v. Esper*, 2020 WL 3965007, at *11 (E.D. Va. 2020); *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010); *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 191 (4th Cir. 2010), *aff'd on other grounds*, 566 U.S. 30 (2012). Here, Plaintiff does not identify *any* "similarly situated employees outside of Plaintiff's protected class" and so it is impossible to perform any comparator analysis. *See* Compl. ¶ 31.

Third, Plaintiff's allegation that a meaningful investigation was not carried out by Ms. Bentley is also nothing more than a naked assertion. Plaintiff provides no details about why the investigation was supposedly not adequate – how many people were interviewed, how (if at all) the decisionmakers were involved, what improper information was shared with Mr. Adams, the conclusion of the investigation, and what (if any) consequences Mr. Adams faced.

5

Additionally, Plaintiff fails to identify a connection between Ms. Bentley's investigation and the decision by Mr. Crabtree and Ms. Montes de Oca to terminate his employment.

Fourth, Plaintiff's claim that the proffered reasons for his termination were pretextual is also completely conclusory. Indeed, Plaintiff does not even provide the proffered reasons for his termination – let alone provide sufficient facts to demonstrate those reasons were somehow pretextual.

In summary, Plaintiff has not put forward sufficient facts for the Court to make a reasonable inference that Plaintiff was terminated because of his race. *See Nadendla v. WakeMed*, 24 F.4th 299, 306 (4th Cir. 2022) ("Without factual detail, we are unable to infer that WakeMed intended to interfere with a contractual interest of [the plaintiff] on the basis of race. Instead, we are left with just the sort of labels, conclusions, recitations of a claims' elements and naked assertions devoid of further factual enhancement that the Supreme Court (and our Court) have held will not suffice to meet the Rule 8 standard") (cleaned up).

**B.**     **Plaintiff Has Not Stated a Claim for Hostile Work Environment (Count II).**

In Count II, Plaintiff purports to state a claim for hostile work environment under Section 1981. The allegations set forth here do not come anywhere close to meeting the standard for establishing a hostile work environment.

In order to state a claim for a hostile work environment, Plaintiff must plead facts sufficient to establish:

> (1)     unwelcome conduct;
> (2)     that is based on the plaintiff's protected status;
> (3)     which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and
> (4)     which is imputable to the employer.

*Williams*, 2024 WL 3905725, at *4 (E.D. Va. Aug. 20, 2024) (Giles, J.)[4]

In order to meet the third prong of a hostile work environment claim, a plaintiff "must clear a high bar" and "allege sufficient facts plausibly demonstrating that the workplace was permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the [plaintiff's] employment and create an abusive working environment." *High v. Wells Fargo Bank*, 2023 WL 2505540, at *8 (E.D. Va. 2023).  "Factors relevant to the 'severe or pervasive' inquiry include 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Harris v. Sec. of Homeland Security*, 2023 WL 4850164 at *5 (E.D. Va. 2023).  Here, Plaintiff relies solely upon a comment that he overheard in which a coworker was discussing the propriety of wearing blackface on television.  There is simply nothing to suggest that the coworker made any racially derogatory epithets, slurs, or references toward the Plaintiff or anyone else.

As best as can be discerned, in addition to the single comment made by Mr. Adams in which he purportedly suggested that "blackface" might be permissible in some circumstances, Plaintiff's only other support for this claim is that he was subjected to "unwarranted scrutiny" and was eventually terminated.  *See* Compl. ¶ 61.

Plaintiff's allegations do not come close to meeting the high bar necessary to state a claim. First, Plaintiff cannot base his claim on a *single statement* made by Mr. Adams to other colleagues that he "overheard" regarding his views on whether an individual's performance on a foreign television show was appropriate.  *Leonard v. Tenet*, 2004 WL 3688406, at *9 (E.D. Va. 2004)

---

[4] A hostile work environment claim under Section 1981 is analyzed the same as a hostile work environment claim under Title VII.  *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015).

("Courts generally require that the offensive conduct occur on a nearly constant basis."), *aff'd*, 115 F. App'x 169 (4th Cir. 2004). Besides the single statement by Mr. Adams, the other alleged conduct is the type of regular workplace conduct that courts have found insufficient to meet the severe or pervasive test. *See, e.g., Carroll v. Amazon Data Servs., Inc.*, 2022 WL 3161895, at *6 (E.D. Va. 2022) (allegations of increased criticisms, unfavorable assignments, and unjustified PIP not sufficient to show severe or pervasive conduct); *Gooding-Williams v. Fairfax Cnty. Sch. Bd.*, 2019 WL 3268831, at *6 (E.D. Va. 2019) *aff'd*, 825 F. App'x 147 (4th Cir. 2020) (no severe or pervasive conduct when plaintiff alleged supervisors of "closely monitoring her conduct and activities, criticizing her performance, putting her on a PIP, reassigning her job duties, revoking her telework privileges, and changing her schedule."). In short, the allegations of the Complaint do not approach the necessary factual allegations to overcome the "steep" hill he must climb to establish severe or pervasive conduct based on his race. *See Harris*, 2023 WL 4850164 at *5.

**C.**     **Plaintiff Has Not Stated a Claim for Retaliation (Count III).**

Plaintiff's final claim in Count III is for retaliation under Section 1981. This claim should also be dismissed.

To state such a claim, Plaintiff must plead facts that plausibly suggest that "(1) he engaged in a protected activity; (2) his employer then took an adverse employment action against him; and (3) the adverse action was causally connected to the protected activity." *Mulgrew v. Prince William Cnty. Sch. Bd.*, 2023 WL 7222108, at *2 (E.D. Va. 2023), *aff'd*, 2024 WL 3565531 (4th Cir. 2024).

Plaintiff claims that he was terminated on July 30, 2024, over two months after reporting Mr. Adams' comment on May 27, 2024.[5] However, when more than two months have passed

---

[5] Plaintiff also seems to suggest some additional retaliation after he filed a charge of discrimination with the EEOC. Plaintiff fails to provide any factual allegations supporting that he was subject to

between protected activity and an adverse action, the timing alone is "insufficient to infer a causal relationship without other evidence of a causal link." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 127 (4th Cir. 2021); *Horne v. Reznick Fedder & Silverman*, 154 F. App'x 361, 364 (4th Cir. 2005) ("this court has previously noted that a lapse of two months between the protected activity and the adverse action is 'sufficiently long so as to weaken significantly the inference of causation.'").

Plaintiff has failed to plead any other facts that would suggest his termination was the result of his reporting of Mr. Adams.  As noted, Mr. Adams was not the decisionmaker for the termination.  Plaintiff fails to connect the decision by Mr. Crabtree and Ms. Montes de Oca to his complaint to Ms. Bentley.  Consequently, this claim must be dismissed as well.

## IV.  CONCLUSION

For the reasons stated above, each of Plaintiff's claims is flawed and should be dismissed with prejudice.

Dated: May 26, 2026

Respectfully submitted,

       */s/ Micah E. Ticatch*
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
John W. H. Harding, Va. Bar No. 87602
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
Email: eisler@islerdare.com
Email: mticatch@islerdare.com
Email: jharding@islerdare.com

*Counsel for Defendant*
*ManTech International Corporation*

---

an adverse action post-employment, or any reason to believe that such unidentified adverse actions were the result of his Charge.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of May 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which automatically sends notification to the following:

Andrew O. Clarke, Esq.
DISTRICT LEGAL GROUP, PLLC
163 Waterfront Street, Suite 440
National Harbor, MD 20745
Phone: (202) 780-9144
Email: aclarke@districtlegalgroup.com

*Counsel for Plaintiff*
*Terrell D. Douglas*


        */s/ Micah E. Ticatch*
Micah E. Ticatch
ISLER DARE, P.C.

*Counsel for Defendant*
*ManTech International Corporation*

10