**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

|  |  |  |
|---|---|---|
| **TERRELL D. DOUGLAS,** | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | **CASE NO.: 1:26-cv-00741-PTG-IDD** |
| | ) | |
| **MANTECH INTERNATIONAL CORP.** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **AKLU TECHNOLOGIES, LLC** | ) | |
| | ) | |
| *Defendants*. | ) | |
| | ) | |

<u>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS'**</u>
<u>**MOTION TO DISMISS**</u>

Plaintiff, Terrell D. Douglas ("Plaintiff" or "Mr. Douglas"), by undersigned counsel, respectfully submits this Opposition to Defendant ManTech International Corporation's ("Defendants") Motion to Dismiss. In support thereof Plaintiff states as follows:

<u>**INTRODUCTION**</u>

Defendants move under Rule 12(b)(6) to dismiss all three 42 U.S.C. § 1981 claims asserted against them in the Complaint. Def.'s Mot. at 1; Def.'s Mem. at 1-2. The motion should be denied because the Complaint alleges far more than labels and conclusions. Plaintiff alleges that he is a Black employee, that his shift lead made blackface-related remarks and gestures in the workplace, that Plaintiff reported that conduct, that supervisors failed to protect him and instead subjected him to unfair criticism and discipline, and that Plaintiff was then terminated, along with two other Black employees who had also reported racially offensive conduct.

Accepting the pleaded facts as true and drawing reasonable inferences in Plaintiff's favor,

the Complaint plausibly states claims for race discrimination, hostile work environment, and retaliation. Defendants ask this Court to end Plaintiff's case before discovery, despite a Complaint that tells a clear and troubling story of racial misconduct, ignored complaints, escalating discipline, and termination. At this stage, Plaintiff need not prove his case; he need only plead one that is plausible. He has done so. Because the Complaint sets forth viable claims for race discrimination, hostile work environment, and retaliation under 42 U.S.C. § 1981, Defendants' motion should be denied.

## STATEMENT OF FACTS

1. Plaintiff alleges that he is a Black, African American male who worked through ALKU and was assigned to ManTech's program in Virginia as a Cyber Security Analyst from January 2, 2024 until his termination on July 30, 2024. Compl. ¶¶ 7, 13, at 3-4.

2. Plaintiff had no negative complaints about his work before the incidents underlying suit. Compl. ¶ 15, at 4.

3. Plaintiff's shift lead, Isaiah Adams, engaged in racially offensive and demeaning conduct toward Plaintiff and other Black employees, including blackface-related remarks and gestures in the workplace. Compl. ¶¶ 16-18, at 4-5.

4. Plaintiff reported the racially offensive comments and conduct to SOC Lead Pamela Bentley, described the blackface comments and hostile environment, and requested confidentiality. Compl. ¶ 22, at 5.

5. Plaintiff further alleges that Bentley disclosed information about his complaint to Adams, which led to retaliatory conduct by other supervisors. Compl. ¶ 22, at 5.

6. After Plaintiff reported the conduct, he received unfair criticism and discipline despite his previously unblemished record, and that Defendants failed to conduct a prompt or adequate

2

investigation. Compl. ¶¶ 20, 24-25, at 5-6.

7. On July 30, 2024, Defendants terminated Plaintiff's employment, and two other African American employees, Wedness Robinson and Jykeim Giddens, were fired the same day within approximately fifteen minutes of Plaintiff after reporting similar offensive conduct. Compl. ¶¶ 26-28, 44, 77, 79, at 6, 9, 15.

8. The decision to terminate Plaintiff was approved by Task Order Leader Chris Crabtree and Program Manager Jennifer Montes de Oca, neither of whom conducted a thorough investigation into the racist comments or Plaintiff's complaint. Compl. ¶ 28, at 6.

9. ManTech argues that Count I fails because only termination qualifies as an adverse action and because the Complaint does not plausibly allege discriminatory animus, that Count II fails because the alleged conduct is not severe or pervasive, and that Count III fails because the Complaint alleges only a two-month gap and no causal connection to the decisionmakers. Def.'s Mem. at 3-9.

10. Taken together, the above-mentioned allegations support a reasonable inference that Plaintiff's termination was not an isolated personnel decision, but the culmination of Defendants' failure to address racial misconduct and their adverse response to Plaintiff's protected complaint.

## **LEGAL STANDARD**

In *Bell Atlantic Corp. v. Twombly*, the Supreme Court held that a complaint must contain sufficient factual matter to raise a right to relief above the speculative level and state a claim that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

On a Rule 12(b)(6) motion, the court accepts all well-pleaded factual allegations as true and determines whether the complaint states a plausible claim for relief. *Holloway v. Maryland*,

3

32 F.4th 293, 299 (4th Cir. 2022). Although the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), may ultimately govern the evidentiary analysis of a discrimination claim, an employment-discrimination plaintiff need not plead a prima facie case under that framework to survive a Rule 12(b)(6) motion. *Holloway v. Maryland*, 32 F.4th 293, 299–300 (4th Cir. 2022).

Although a plaintiff need not plead a prima facie case, the complaint must still contain sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020).

<u>**ARGUMENT**</u>

**A. Defendants Are Incorrect That Count I Fails, Because the Complaint Alleges an Actionable Adverse Employment Action and Plausible Race Discrimination.**

Defendants argue that Count I fails because Plaintiff identifies only one actionable adverse action (his termination), and because the Complaint does not plausibly allege discriminatory animus. Def.'s Mem. at 3-6. That argument does not support dismissal. The Complaint expressly alleges that Plaintiff was terminated on July 30, 2024. Compl. ¶¶ 26, 40, 43, at 6, 8-9. Termination is plainly an adverse employment action.

The Complaint also alleges that the termination followed Plaintiff's report of blackface-related workplace conduct, followed unfair criticism and discipline, and occurred the same day that two other Black employees who reported similar conduct were also fired. Compl. ¶¶ 20, 22, 24, 26-31, 44, 77, 79, at 5-6, 9, 15. Those allegations are enough to permit a reasonable inference that race played a role in the adverse treatment Plaintiff experienced. Defendants' comparator argument asks the Court to demand evidentiary detail the Complaint need not yet provide. The Complaint alleges that similarly situated non-Black employees who did not complain of discrimination were treated more favorably and were not subjected to the same scrutiny, discipline,

4

or termination. Compl. ¶¶ 31, 80, at 6, 15.

In *Holloway v. Maryland*, the Fourth Circuit explained that an employment-discrimination plaintiff need not plead a prima facie case under the *McDonnell Douglas* framework to survive a motion to dismiss and cautioned against imposing an overly demanding comparator analysis at the pleading stage. *Holloway v. Maryland*, 32 F.4th 293, 300–01 (4th Cir. 2022). Plaintiff's Complaint plausibly links the discriminatory conduct to Plaintiff's termination. It further alleges that Adams made the blackface-related remarks, that Plaintiff reported them through supervisory channels, that Bentley disclosed Plaintiff's complaint information, and that Crabtree and Montes de Oca approved Plaintiff's termination without a thorough investigation into either the racist comments or Plaintiff's complaint. Compl. ¶¶ 16-18, 22, 25, 28-29, 41-46, at 4-6, 8-9.

Defendants' argument improperly isolates each allegation and then demands proof of the precise decision-making chain before discovery. Plaintiff does not rely on Adams's conduct alone; he alleges that the blackface-related conduct was reported through supervisory channels, that management failed to meaningfully investigate, that Plaintiff was subjected to unfair scrutiny and discipline after reporting racial misconduct, and that Crabtree and Montes de Oca approved his termination without a thorough investigation. Compl. ¶¶ 16–18, 22, 24–29, 41–46. That distinguishes Defendants' cited cases, which turned on a failure to connect alleged bias to the adverse decision. At the pleading stage, Plaintiff need not prove comparator evidence, pretext, or the full mechanics of discriminatory causation; he need only allege facts supporting a reasonable inference that race played a role in the termination. *Holloway v. Maryland*, 32 F.4th 293, 299–301 (4th Cir. 2022).

Further, at the pleading stage, Plaintiff is not required to prove the ultimate mechanics of the decision-making process. He need only allege facts supporting a reasonable inference of

discrimination, and he has done so. To the extent Defendants point to the Complaint's May 27/May 29 date inconsistency, Defendants raise that point as part of its factual recitation. Def.'s Mem. at 1-2. But the Complaint still clearly alleges that Plaintiff complained in late May 2024 about blackface-related workplace conduct, that supervisors reacted adversely, and that Plaintiff was terminated on July 30, 2024. Compl. ¶¶ 18, 22, 24-29, 70-79, at 4-6, 13-15. This minor inconsistency does not defeat plausibility where the Complaint otherwise sets out a coherent discrimination narrative.

Accordingly, Defendants' argument fails because it asks the Court to draw Defendant-friendly inferences, demand evidentiary proof, and resolve factual disputes that belong after discovery, not at Rule 12(b)(6). As mentioned above, an employment-discrimination plaintiff need not plead a prima facie case under *McDonnell Douglas* to survive dismissal. *Holloway v. Maryland*, 32 F.4th 293, 299-300 (4th Cir. 2022). Count I clears that pleading threshold. The Court should therefore reject Defendants' attempt to convert plausibility review into summary judgment and deny dismissal of Plaintiff's race-discrimination claim.

### B. Defendants Are Incorrect That the Complaint Fails to Plead Hostile Work Environment.

Defendants argue that Count II fails because Plaintiff relies on a single overheard statement and ordinary workplace conduct that supposedly cannot satisfy the severe-or-pervasive requirement. Def.'s Mem. at 6-8.

The Complaint alleges more than an isolated stray remark. Plaintiff alleges that Adams engaged in racially offensive and demeaning conduct toward Plaintiff and other Black employees, including blackface-related remarks and gestures, that the comments were made publicly in the workplace, that Plaintiff felt demeaned and humiliated, and that other Black employees reported similar behavior. Compl. ¶¶ 16-22, 27, 58-68, at 4-6, 11-13. The Complaint further alleges that

Defendants left the offending supervisor in a position of authority, failed to conduct a prompt or adequate investigation, subjected Plaintiff to unwarranted scrutiny and retaliation after his complaint, and ultimately terminated him. Compl. ¶¶ 22, 24-26, 61-68, at 5-6, 11-13.

Taken together, these allegations plausibly describe a racially abusive environment created by a supervisor's public normalization of blackface, compounded by Defendants' failure to correct the problem and by adverse treatment after Plaintiff objected. At minimum, the Complaint plausibly alleges that the harassment was not an isolated triviality but part of a workplace atmosphere that humiliated Plaintiff, interfered with his work environment, and culminated in his removal.

Accordingly, Defendants' challenge to Count II fails because it improperly narrows the hostile-work-environment inquiry and asks the Court to discount the pleaded context surrounding the racial conduct, the workplace response, and the effect on Plaintiff's employment. Count II does not depend on a trivial workplace slight; it alleges racially demeaning conduct tied to blackface, supervisory inaction, and escalating adverse treatment after Plaintiff objected. Compl. ¶¶ 16-22, 24-27, 58-68. At this stage, Plaintiff need not prove that the environment was ultimately severe or pervasive, he need only plead facts making that inference plausible. Because the Complaint does so, dismissal of Count II should be denied.

**C. Defendant is Incorrect That Count III Fails to Please Causation for Retaliation.**

Defendants argue that Count III fails because Plaintiff alleges only a two-month gap between protected activity and termination and does not connect the termination decisionmakers to Plaintiff's complaint. Def.'s Mem. at 8-9. The Complaint alleges that Plaintiff engaged in protected activity when he complained about the blackface-related comments and hostile environment, that supervisors knew of his complaint, that he then faced increased scrutiny and

7

unwarranted discipline, and that he was terminated on July 30, 2024. Compl. ¶¶ 22-29, 70-79, 82-86, at 5-6, 13-16.

The Complaint also alleges that two other Black employees who reported similar racial incidents were terminated on the same day, within approximately fifteen minutes of each other. Compl. ¶¶ 27, 44, 77, 79, at 6, 9, 15. These allegations provide more than timing alone. They allege an immediate adverse shift after Plaintiff complained, knowledge within the supervisory chain, and a same-day cluster of terminations affecting Black complainants.

In *Holloway v. Maryland*, the Fourth Circuit explained that, although temporal proximity alone may not establish causation where a substantial period of time separates the protected activity and the adverse action, allegations of ongoing retaliatory conduct and other intervening events may support a plausible inference of causation at the pleading stage. *Holloway v. Maryland*, 32 F.4th 293, 301–02 (4th Cir. 2022). That is exactly the situation alleged here. Plaintiff pleads protected activity, adverse treatment after the complaint, supervisor knowledge, and termination as part of an alleged pattern affecting multiple Black employees who complained.

Defendants' argument that the Complaint does not yet prove how Bentley's knowledge reached Crabtree or Montes de Oca again seeks evidentiary detail beyond Rule 12(b)(6). The Complaint alleges that Bentley interviewed witnesses, disclosed Plaintiff's complaint information, and that Crabtree and Montes de Oca approved the termination without a thorough investigation into Plaintiff's complaint. Compl. ¶¶ 22, 28, 75-77, 86, at 5-6, 14-15. These allegations are sufficient to make retaliation plausible.

Thus, Count III should proceed because Defendants' causation argument isolates the calendar while ignoring the pleaded retaliatory sequence. In *Holloway v. Maryland*, the Fourth Circuit recognized that a plaintiff may plausibly allege causation through a pattern of ongoing

retaliatory conduct and intervening events, notwithstanding a significant temporal gap between the protected activity and the adverse action. *Holloway v. Maryland*, 32 F.4th 293, 301–02 (4th Cir. 2022). Here, Plaintiff alleges protected activity, supervisory knowledge, post-complaint scrutiny and discipline, same-day terminations of multiple Black complainants, and approval of the termination without a thorough investigation. These allegations make retaliation plausible, and Defendants' demand for a more detailed evidentiary chain is a discovery argument, not a basis to dismiss Count III.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant ManTech International Corporation's Motion to Dismiss in its entirety.

Defendants' motion depends on a version of the case the Court cannot accept at this stage: one that strips the Complaint of context, draws inferences against Plaintiff, and demands proof before discovery. The Complaint plausibly alleges that Plaintiff experienced race-based misconduct, reported it, faced escalating adverse treatment, and was terminated under circumstances supporting claims for race discrimination, hostile work environment, and retaliation. Plaintiff has pleaded enough to proceed. For these reasons, Plaintiff respectfully requests that the Court deny the Defendants' Motion to Dismiss in its entirety.

Date: June 12, 2026                              PLAINTIFF
                                                 By Counsel


                                     Respectfully Submitted,

                                      */s/ Andrew O. Clarke*
                                      Andrew O. Clarke, Esquire
                                      VA Bar ID: 87395
                                      **DISTRICT LEGAL GROUP, PLLC**

163 Waterfront Street, Suite 440
National Harbor, MD 20745
T: 202.780.9144
E: aclarke@districtlegalgroup.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June 2026, I electronically filed the foregoing with

the Clerk of Court using the CM/ECF system, which automatically sends notification to the

following:

Edward Lee Isler, Esq.
Micah E. Ticatch, Esq.
John W. H. Harding, Esq.
ISLER DARE, P.C.
1945 Old Gallows Road, Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
Email: eisler@islerdare.com
Email: mticatch@islerdare.com
Email: jharding@islerdare.com

*Counsel for Defendants*

/s/ Andrew O. Clarke
Andrew O. Clarke, Esquire
*Counsel for Plaintiff*