UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**TERRELL D. DOUGLAS,**

Plaintiff,

v.                                                    Civil No. 1:26-cv-00741-PTG-IDD

**MANTECH INTERNATIONAL CORP.**

**AKLU TECHNOLOGIES, LLC**

Defendants.

**DEFENDANT ALKU TECHNOLOGIES, LLC'S REPLY IN FURTHER SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

In its Memorandum in Support of its Motion to Dismiss (Dkt. 28) ("Supporting Brief"), ALKU established that Plaintiff's Complaint (Dkt. 1) has not plausibly pled any of the asserted claims. Plaintiff's Opposition (Dkt. 33) ("Opposition") fails to adequately rebut the arguments made in the Supporting Brief. Consequently, for the reasons stated in the Supporting Brief and those below, the Complaint should be dismissed.

**A. To Survive Dismissal, Plaintiff is Required to Plead Factual Allegations Sufficient to Establish a Plausible Claim.**

In the Supporting Brief, ALKU relied on the well-established principles under *Twombly* and *Iqbal* that a plaintiff is required to plead factual allegations sufficient to establish a plausible claim to survive a motion to dismiss. *See, e.g.*, *Sales v. Booz Allen & Hamilton, Inc.*, No. 1:23-CV-1621, 2025 WL 242534, at *3 (E.D. Va. 2025) (Giles, J.) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

After establishing that uncontestable principle of law, the Supporting Brief goes through each of the three claims and demonstrates that none has sufficient factual allegations to render them plausible. In his Opposition, Plaintiff repeatedly (and without basis) asserts that ALKU is "demanding" evidence

1

and proof.[1]  Such assertion is baseless.  Rather, ALKU has clarified that Plaintiff has failed to satisfy his fundamental obligation to sufficiently state the factual basis for his claims.  Nowhere does the Supporting Brief suggest that Plaintiff is required to come forward with documentary or testimonial evidence or proof at this time.

Further, ALKU notes at the outset that Plaintiff's Opposition does not correct or address the Complaint's failure to plead any basis for ALKU's own liability, as a staffing company, independent of ManTech's liability.  ALKU explained in its Supporting Brief that ALKU did not employ any of the alleged wrongdoers named in the Complaint; ALKU only employed Plaintiff. *See* Dk. 28 (Supporting Brief ("Supp. Brief") at 2 n.3-6).  Nowhere in the Opposition does Plaintiff identify the facts in the Complaint that would refute ALKU's assertion.

### B.  Plaintiff Has Not Stated a Discrimination Claim Against ALKU (Count I).

As stated in the Supporting Brief, Plaintiff's race discrimination claim fails because it does not allege sufficient facts to plausibly suggest that the termination decision[2] was made *because of* his race rather than the "obvious alternative explanation" that the decisionmaker acted for ordinary business reasons. Dkt. 28 (Supp. Brief at 4-6 (citing, *inter alia, McCleary-Evans v. Maryland Dept of Transp., State Highway Admin.*, 780 F.3d 582, 588 (4th Cir. 2015))).

In his Opposition, Plaintiff asserts that he has established his claim by repeatedly asserting that his shift lead made "blackface-related remarks and gestures in the workplace." Dkt. 33 (Opposition

---

[1] *See, e.g.*, Dkt. 33 (Opposition ("Opp.") at 4 "Defendants' comparator argument asks the Court to demand evidentiary detail"); Opp. at 5 ("Defendants' argument . . . demands proof of the precise decision-making chain"); Opp. at 6 ("Defendants' argument fails because it . . . demand[s] evidentiary proof"); Opp. at 9 ('Defendants' demand for a more detailed evidentiary chain is a discovery argument").

[2] In the Supporting Brief, ALKU noted that the decision to terminate was the only adverse action pled in the Complaint. Dkt. 19 (Supp. Brief at 3-4).  Plaintiff has not even attempted to refute that assertion and has waived any argument to the contrary. *See* Dkt. 33 (Opposition ("Opp.") at 4); *Harlow v. Wells Fargo & Co.*, 608 F. Supp. 3d 377, 387 (W.D. Va. 2022) ("District courts in [the 4th] circuit have held that the failure to address an argument in opposition to a motion to dismiss constitutes an abandonment of the claim" (citing cases)).

("Opp.") at 1, 2, and 5).  This phrase does not accurately describe the actual facts (as opposed to conclusory statements) in the Complaint.  As an initial point, there is not a single "gesture," racially-related or otherwise, referenced anywhere in the Complaint.  Plaintiff's continued use of that term is unsupported.

Furthermore, although Plaintiff also repeatedly uses the plural term "remarks," the Complaint does not make reference to multiple statements or comments.  Rather, Plaintiff's sole factual allegation of "racial animus" is that Mr. Adams (who is not alleged to be an employee of ALKU, because he was not an ALKU employee) made a statement on one single occasion about an overseas game show, non-Black contestant who used blackface to perform as Louis Armstrong, which Plaintiff subjectively interpreted as having been made "in the context that blackface is acceptable if it is not done with ill intention." Dkt. 1 (Compl. ¶ 18).  In any case, Mr. Adams was not the decision-maker of the adverse action.  His single comment does not suggest that the actual alleged decision-makers — Mr. Crabtree and Ms. Montes de Oca — were somehow motivated by race when making the decision to have Plaintiff removed from the contract. *See, e.g.*, *McCleary-Evans.*, 780 F.3d at 586; *Taylor v. CNA Corp.*, 782 F. Supp. 2d 182, 198 (E.D. Va. 2010); *Blackford-Webb v. Glob. Scholars Acad.*, No. 1:24-CV-1071, 2025 WL 2532793, at *8, 21-23 (M.D.N.C. Sept 3, 2025).

The only allegation directed to the decisionmakers is that neither "conducted a thorough investigation into the underlying racist comments or Plaintiff's complaint." Dkt. 1 (Compl. ¶ 28).  There are, however, no allegations that Mr. Crabtree or Ms. Montes de Oca even knew about Mr. Adams' comment; no allegation that they were responsible for performing an investigation;[3] and no allegations about how or why the investigation was insufficient.  Moreover, it is unclear how the failure to do a

---

[3] In fact, Plaintiff's Complaint suggests the opposite — that Mr. Crabtree and Ms. Montes de Oca *were not responsible* for the investigation and that Security Operations Center Lead Pamela Bentley performed the investigation and interviewed witnesses. *See* Dkt. 1 (Compl. ¶ 22).

"thorough investigation" of a complaint regarding a stray comment made by another non-employee would somehow indicate that Mr. Crabtree or Ms. Montes de Oca were acting with racial animus when they directed that Plaintiff be removed from the contract after he had been employed for only six months. Plaintiff's suggestion to the contrary is the type of pure speculation that is insufficient to state a plausible claim. *See, e.g.*, *McCleary-Evans.*, 780 F.3d at 588.

Plaintiff's Opposition and Complaint also make passing reference to non-African American employees who allegedly "received more favorable treatment." *See* Dkt. 33 (Opp. at 4); Dkt. 1 (Compl. ¶ 31). However, as previously noted, Plaintiff has not alleged any specific comparator that had the same titles, job responsibilities, and "engaged in the same conduct [as the plaintiff] without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Walker v. Regan*, No. 1:21-CV-312, 2023 WL 6224635, at *7 (E.D. Va. Sept. 22, 2023) (quoting *Haywood v. Locke*, 387 F. App'x 355, 359 (4th Cir. 2010)). *See also Seabrook v. Driscoll*, 148 F.4th 264, 271 (4th Cir. 2025) (affirming dismissal of claim that referenced specific comparators but was "silent regarding their jobs, whether their roles were similar to her leadership position, and the identity of the supervisors who disciplined them."). Consequently, Plaintiff's conclusory "comparator" allegations do not salvage his deficient claim.

Similarly, Plaintiff attempts to buttress his discrimination claim with the allegation that two other African American employees were terminated the same day as him. *See* Dkt. 1 (Compl. ¶ 27). Again, however, Plaintiff failed to connect that allegation to his own claim. Moreover, in addition to having nothing to do with Plaintiff's claim, the references to these other individuals are wholly conclusory. Furthering the theme of Plaintiff's deficient Complaint, there are no allegations establishing by which entity those other employees were employed, no allegations that would suggest they were terminated

because of their race, and no allegations regarding who decided to terminate their employment. The Court should dismiss Count I.[4]

### C.  **Plaintiff Has Not Stated a Claim for Hostile Work Environment (Count II).**

As noted in ALKU's Supporting Brief, to plead a hostile work environment claim, among other things, Plaintiff was required to "clear a high bar" and "allege sufficient facts plausibly demonstrating that the workplace was permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive[.]" *High v. Wells Fargo Bank*, No. 3:21-CV-81, 2023 WL 2505540, at *8 (E.D. Va. Mar. 14, 2023) (internal citations omitted). To meet the severe or pervasive standard, "[c]ourts generally require that the offensive conduct occur on a nearly constant basis." *Leonard v. Tenet*, No. 1:03-CV-1176, 2004 WL 3688406, at *9 (E.D. Va. June 30, 2004), *aff'd*, 115 F. App'x 169 (4th Cir. 2004). Moreover, increased scrutiny and criticism of an employee are not sufficient to meet the severe or pervasive test. *See, e.g.*, *Carroll v. Amazon Data Servs., Inc.*, No. 1:21-CV-01177, 2022 WL 3161895, at *6 (E.D. Va. Aug. 8, 2022); *Gooding-Williams v. Fairfax Cnty. Sch. Bd.*, No. 1:18-CV-01177, 2019 WL 3268831, at *6 (E.D. Va. July 19, 2019), *aff'd*, 825 F. App'x 147 (4th Cir. 2020).

First, the *single* comment allegedly made by Mr. Adams regarding the overseas game show contestant does not create a severe or pervasive hostile work environment. *See McIver v. Bridgestone Americas, Inc*., 42 F.4th 398, 407 (4th Cir. 2022) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002)) ("Unlike a typical claim of intentional discrimination based on a discrete act, a hostile-work-environment claim's 'very nature involves repeated conduct'"). Additionally, neither the single comment, nor the allegations that Plaintiff was subjected to "increased scrutiny," are remotely close to meeting the "high bar" required to plead a hostile work environment claim.

---

[4] ALKU's argument regarding Count I, that the same-day termination alleged by Plaintiff fails due to a lack of sufficient allegations, applies to Counts II and III as well.

Second, the hostile work environment analysis involves both subjective components and objective components based on a "reasonable person standard" when assessing the severity and pervasiveness of the supposed harassment. *Robinson v. Priority Auto. Huntersville, Inc.*, 70 F.4th 776, 781–82 (4th Cir. 2023) (internal citations omitted).  Plaintiff's own interpretation of an apparently neutral conversation cannot support a hostile work environment claim without evidence of objective racial animus for that comment. *See McIver*, 42 F.4th at 409 (4th Cir. 2022) (explaining that plaintiff's own conjecture cannot "impute a racial character to what appears to be neutral" behavior); *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 959 (4th Cir. 1996) ("[T]he statement is not discriminatory on its face, as it could have been made in reference to any . . . employee . . . . Nor is it placed in any context that makes it so.").  Solely establishing "subjective, unwelcome harassment is not enough" to support a claim for a hostile environment.  *Robinson*, 70 F.4th at 782.  Accordingly, Plaintiff's hostile work environment claim fails.

Nonetheless, in his Opposition, without citing to a single case, Plaintiff makes the conclusory assertion that that his deficient allegations have plausibly stated a claim. *See* Dkt. 33 (Opp. at 6-7).  He is wrong.  As a matter of law a single comment and subsequent increased scrutiny are insufficient to plead a hostile work environment claim and Count II should be dismissed.

### D.  Plaintiff Has Not Stated a Retaliation Claim (Count III).

Plaintiff's final claim of retaliation should also be dismissed.  As an initial point, it does not appear from the face of the Complaint that Plaintiff engaged in protected activity.  This omission is, in and of itself, fatal to Plaintiff's claim.  It is well settled that to establish that they engaged in a protected activity, a plaintiff must allege that they "(i) took some action to oppose an employment practice that [they] *subjectively* in good faith believed was unlawful, and (ii) that this belief was *objectively reasonable* in light of the facts." *Cuffee v. Tidewater Community College*, 409 F.Supp.2d 709, 720 (E.D. Va. 2006)

(citing *Peters v. Jenney*, 327 F.3d 307, 320-21 (4th Cir. 2003)). *See also Sanders v. Tikras Tech. Sols. Corp.*, 725 Fed. Appx. 228, 230-31 (4th Cir. 2018) (affirming summary judgment of retaliation claim on grounds that complaint of race discrimination was not objectively reasonable).  While the Complaint might plausibly suggest that Plaintiff was subjectively bothered by Mr. Adams' discussion of the use of blackface by a foreign game show contestant, that belief does not appear to be objectively reasonable as there is no further allegation that Mr. Adams directed any racially discriminatory acts or conduct toward Plaintiff or any other individual.  *See Adams v. High Purity Sys., Inc.*, No. 1:09-CV-354, 2009 WL 2391939 (E.D. Va. Jul. 2, 2009), *aff'd,* 382 Fed. Appx. 269 (4th Cir. 2010), *cert denied*, 562 U.S. 1223 (2011) (dismissing retaliation claim as not being based on a complaint of race discrimination that was objectively reasonable).

Plaintiff's claim also fails for lack of causation.  In his Opposition, Plaintiff argues that when the time period between the protected activity and the adverse employment action exceeds two months, "intervening events" can support an inference of causation. Dkt. 33 (Opp. at 7-9 (citing *Holloway v. Maryland*, 32 F.4th 293 (4th Cir. 2022))).  The "intervening event" in *Holloway* that "temper[ed] the temporal gap" between the plaintiff's EEO complaint and their termination was a superior "'exclaim[ing]' that he was aware of [plaintiff's] EEO complaint" and that the supervisor "would be involved." 32 F.4th at 300.  As best as can be discerned, the intervening event that Plaintiff relies on is the amorphous allegations in Paragraph 22 of the Complaint that Mr. Adams learned of the complaint, which somehow led to other unidentified supervisors engaging in unidentified "retaliatory conduct." *See* Dkt. 1 (Compl. ¶ 22).  These allegations are not equivalent.

However, even if these allegations were pled with more specificity, it still would not establish a causal connection — because, as previously noted, Plaintiff has not plausibly pled that either Mr. Crabtree or Ms. Montes de Oca, the decisionmakers, were aware of his complaint.  This is fatal to his claim. *See*

*Seabrook,* 148 F.4th at 273 (quoting *Dowe v. Total Action Against Poverty*, 145 F.3d 653, 657 (4th Cir. 1998)) ("The employer's knowledge that the plaintiff engaged in a protected activity is absolutely necessary").

In *Seabrook,* the Fourth Circuit affirmed the dismissal of a plaintiff's retaliation claim because she failed to adequately plead the decisionmaker had knowledge of her filing an EEO complaint. *See* 148 F.4th at 268, 273. In that case, the plaintiff pled an allegation that the decisionmaker was "made aware of all EEO activity within the command by virtue of his position as Command Executive Officer and Director, Services Infrastructure Core Enterprise." *Id.* at 273. Nonetheless, the Fourth Circuit found that this general allegation of knowledge was "insufficient to raise a nonspeculative inference that [the retaliator] knew about [plaintiff's] complaint." *Id.*

In this case, Plaintiff has not pled even the type of general-speculative allegation that was deemed insufficient in *Seabrook*. In his Opposition, Plaintiff argues that allegations establishing that the decisionmakers had knowledge of Plaintiff's complaint is an unnecessary "evidentiary detail beyond Rule 12(b)(6)." Dkt. 33 (Opp. at 8). As is clear from *Seabrook*, that is a flawed assertion.

The Court should dismiss Count III.

## CONCLUSION

For the reasons stated above, the Court should dismiss the Complaint in its entity, with prejudice.

Dated: July 14, 2026                        Respectfully submitted,

By: */s/ Alexander P. Faig*
      Counsel

Andrew K. Clark (VSB No. 45269)
HIRSCHLER FLEISCHER
A Professional Corporation
The Edgeworth Building
2100 East Cary Street

8

Richmond, Virginia 23223
Telephone: (804) 771-9500
Facsimile: (804) 644-0957
E-mail:  aclark@hirschlerlaw.com

Alexander P. Faig (VSB 96248)
HIRSCHLER FLEISCHER
A Professional Corporation
1676 International Drive, Suite 1350
Tysons, Virginia 22120
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email:  afaig@hirschlerlaw.com

Matthew C. Moschella (Admitted *Pro Hac Vice*)
Luke E. Colomey (Admitted *Pro Hac Vice*)
SHERIN AND LODGEN LLP
One Lincoln Street, 14th Floor
Boston, Massachusetts 02111
(617) 646-2000
mcmoschella@sherin.com
lecolomey@sherin.com

*Counsel for Defendant ALKU Technologies, LLC*

9

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2026, the foregoing Defendant ALKU Technologies LLC's Motion to Dismiss Plaintiff's Complaint was filed electronically with the Clerk of this Court using the CM/ECF system, which will send a notice of electronic filing to all registered counsel of record.

Respectfully submitted,

*/s/ Alexander P. Faig*
Alexander P. Faig (VSB 96248)
HIRSCHLER FLEISCHER
A Professional Corporation
1676 International Drive, Suite 1350
Tysons, Virginia 22120
Telephone: (703) 584-8900
Facsimile: (703) 584-8901
Email:  afaig@hirschlerlaw.com

*Counsel for Defendant ALKU Technologies, LLC*